# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEVON A. SHERIFF,

                    Plaintiff,

v.                                                          Case No. 24-CV-1261-JPS

JOHN DOE and JANE DOE,

                                                            **ORDER**

                    Defendants.

Plaintiff Devon A. Sheriff, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This Order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and screens his complaint.

## 1.    MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 16, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $6.71. ECF No. 6. Plaintiff paid that fee on November 7, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing

fee over time in the manner explained at the end of this Order. The Court will deny as moot Plaintiff's second motion for leave to proceed without prepaying the filing fee. ECF No. 3.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

Case 2:24-cv-01261-JPS    Filed 11/27/24    Page 2 of 7    Document 8

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff names Doe defendants who are citizens of Wisconsin and who worked for Marion County Jail. ECF No. 1 at 2. On October 10, 2021, Plaintiff became aware that he was being extradited from Marion County to Milwaukee, Wisconsin. *Id.* Plaintiff has a medical condition and requested his inhaler prior to being placed in the transport vehicle. *Id.* The female transporter denied Plaintiff's request. *Id.* Jane Doe told Plaintiff that she would taze him if he did not get into the transport van. *Id.* Plaintiff again requested his inhaler. *Id.* John Doe and the Marion County Sheriff moved toward Plaintiff aggressively and yanked his arm to put on the shackles. *Id.* at 3. Plaintiff did not resist but he again told them about the need for his inhaler. *Id.* The officer then pulled out his taser and tased Plaintiff. *Id.* Plaintiff fell to the ground and lost consciousness. *Id.*

At some point later a Marion County nurse woke Plaintiff up when she was removing the taser prongs from his back. *Id.* The nurse did not properly dress the wounds. *Id.* Plaintiff was picked up off the ground, placed in restraints, and ushered into the transport van. *Id.* Over the next fifteen hours during the transport from Indiana, the officers ignored and refused Plaintiff's requests for medical care. *Id.* Once at the Milwaukee Secure Detention Center, a nurse and officer advised the transporting

officers to take Plaintiff to the nearest emergency hospital to be medically cleared. *Id.*

### 2.3 Analysis

The Court has reviewed the complaint, and, although Plaintiff alleges that Defendants are citizens of Wisconsin, it appears more likely that Defendants—all employees of Marion County Jail—are located in the Northern District of Indiana, and that all events giving rise to Plaintiff's claims occurred in the Northern District of Indiana. As such, the Court finds it likely that the proper venue for this action lies in the Northern District of Indian and that venue in this district is improper. *See* 28 U.S.C. § 1391 (federal venue appropriate either in judicial district where any defendant resides or a district where substantial part of events or omissions giving rise to the claim occurred). Under 28 U.S.C. § 1406(a), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Here, Plaintiff's vague allegations make it unclear where proper venue lies for this case. As such, the Court will instruct Plaintiff to file an amended complaint to more clearly identify where the events giving rise to Plaintiff's claims took place. If, as the Court suspects, the events of the complaint took place in Marion County, Indiana and the Doe defendants were employed there, the Court will take all appropriate action to transfer this case to the proper venue. If that is the case, Plaintiff will not be required to open a new case or pay another initial partial filing fee.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person

violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint that complies with the instructions in this Order on or before **December 18, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will either screen the amended complaint under 28 U.S.C. § 1915A or transfer the case to the appropriate venue. If Plaintiff does not file an amended complaint by the deadline, the Court may dismiss the case for the failure to comply with the Court's order;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $341.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.